# Clifton Budd & DeMaria, LLP
## ATTORNEYS AT LAW

Plaintiff's request for a pre-motion conference (Dkt. No. 25), is DENIED.

Defendants' application is GRANTED in part.

Pursuant to the parties' Civil Case Management Plan and Scheduling Order (Dkt. No. 24), Defendants shall supplement their Protocol Disclosures with any responsive documents, **no later than October 8, 2020**.  By **October 15, 2020**, the parties shall meet and confer to attempt to resolve any remaining disputes, and shall file a joint status letter, apprising the Court of (1) the status of fact discovery and (2) any remaining disputes regarding the production of documents.

By **September 18, 2020**, Defendants shall provide to Plaintiff, the Bates numbers corresponding to the four (4) pages of emails concerning Plaintiff's licenses and certifications, that Defendants had produced as of September 11, 2020.

The Clerk of Court is respectfully requested to close Dkt. No. 25.

Dated:  September 14, 2020
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

IAN-PAUL A. POULOS
ASSOCIATE
E-MAIL: IAPOULOS@CBDM.COM

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Screen v. Quality Protection Services, Inc. et al*
1:20-cv-02506-LGS

Dear Judge Schofield:

This firm represents the Defendants in the above-referenced action. Pursuant to Paragraphs III(A)(1) & III(C)(3) of Your Honor's Individual Rules and Procedures, Defendants submit this letter in opposition to Plaintiff's pre-motion conference letter, <u>which seeks "an Order directing the Defendants and their attorneys to produce further emails 'concerning the factual allegations or claims at issue in this lawsuit.'"</u> *See* ECF Doc. 25. <u>In the alternative, Plaintiff would like "an affidavit from Defendants swearing under oath that they searched for any such emails and there are no further emails."</u> ECF Doc. 25.

Plaintiff's support for her proposed motion is based on a hunch: she speculates that there are "very likely more emails" "which the Defendants have not disclosed." *See* ECF Doc. 25. But Plaintiff's assumptions cannot form the basis for a motion to compel, and for this reason, her motion must be denied.

Per the scheduling order, requests for production of documents and interrogatories have been served, <u>but responses are not yet due</u>. The instant discovery dispute concerns document production made in accordance with Your Honor's *Initial Discovery Protocols* ("Protocols"). The Protocols require the Defendants to produce the "communications concerning the factual allegations or claims at issue in this lawsuit[.]" *See* Protocols, Pt. 3(2)(a). Because Plaintiff was terminated when she failed to secure and maintain the certifications / licenses necessary for her position, the Defendants represented in their joint letter to the Court that they expect "[d]iscovery will demonstrate…Plaintiff's failure to maintain certifications necessary for her position constitutes a legitimate, non-discriminatory, non-retaliatory reason for her termination." ECF Doc. 22. But Plaintiff believes that the Defendants "repeatedly failed or refused" to "provide Plaintiff with a specific letter" that would have enabled her to secure the necessary certification/license.

**CLIFTON BUDD & DEMARIA, LLP**

September 11, 2020
Page 2

In accordance with their discovery obligations, and based on the Parties' apparent agreement that Plaintiff's certifications/licenses (or lack thereof) will play an important role in the case, the Defendants produced emails concerning these issues. <u>Defendants produced just over two-hundred pages. There were four pages of emails that concerned Plaintiff's licenses/certifications, which is what Defendants located based on their search.</u>

On August 14, August 24, and August 28 Plaintiff asked whether the four pages constitute "all of the emails and communications that were exchanged" between Plaintiff and Defendants. The undersigned and Plaintiff's Counsel conferred by phone on September 1, 2020. During that phone call, I explained that Defendants searched for communications concerning Plaintiff's certifications and that Defendants have produced what has been located. I also emphasized that, <u>if there are further emails, the Defendants will supplement their disclosure as required by the Protocols, which adopt Fed. R. Civ. P. 26(e)'s supplementation procedure</u>.

In response, Plaintiff's Counsel insisted, as also stated in her pre-motion conference letter, that the Defendants either certify all emails have been produced or produce the allegedly missing emails. I iterated that if there are responsive emails missing, <u>Defendants will search for and produce them</u>. I requested that Plaintiff provide a general description of the rough number of emails she believes are missing to help the Defendants conduct their search (since she is the person who claims to have sent them to Defendants). Plaintiff could not provide <u>any information</u> about the emails that she believes are being withheld, but she claimed that there are more. When Defendants asked for additional time to conduct another search, Plaintiff was only willing to afford three days—until September 4, 2020. The instant pre-motion conference letter followed.

In seeking to compel production, Plaintiff "cannot simply rely on speculation" that Defendants are "withholding documents." *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 435 (S.D.N.Y. 2011) (denying motion to compel). When the "[p]laintiff is unable to articulate any particular reason why she believes that the [d]efendant(s) [are] withholding responsive documents, apart from her counsel's speculation[,]" her motion to compel must be denied. *See Rubinow v. Ingelheim*, 2010 WL 1882320, at *7 (D. Conn. 2010) (providing additional time for Defendants to provide responsive material and discouraging "bald accusations" because they only "foster incivility without aiding the Court in overseeing the discovery process").

The Defendants never refused to provide information that is subject to disclosure, nor did they refuse to conduct an additional search for responsive material. The Defendants produced the material they located after a diligent, reasonable search, which is what they were required to do. *See* Fed. Civ. P. 26(g)(1)(A). When Plaintiff claimed information was missing, the Defendants only asked for additional time (especially since document demand responses are not yet due) and a general description of what is allegedly missing, which would aid in their search.

Documents responsive to Plaintiff's requests for production are currently due on October 8, 2020. *See* ECF Doc. 24, at ¶ 8(c). As such, <u>for the reasons stated above, the Defendants respectfully request that Your Honor deny Plaintiff's motion and permit the Defendants to supplement their Protocol Disclosures when their other document demand responses are due</u>. *See* Fed. R. Civ. P. 26(e)(1)(A) & ECF Doc. 24, at ¶ 8(c).

**CLIFTON BUDD & DeMARIA, LLP**

September 11, 2020
Page 3

  Thank you for Your Honor's time and consideration.

         Respectfully submitted,

         CLIFTON BUDD & DeMARIA, LLP
         *Attorneys for the Defendants*

       By:_____
         Arthur J. Robb
         Ian-Paul A. Poulos

CC: All Counsel of Record