# Clifton Budd & DeMaria, LLP
## ATTORNEYS AT LAW

The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10118

TEL (212) 687-7410
FAX (212) 687-3285
www.cbdm.com

Ian-Paul A. Poulos
Associate
E-mail: iapoulos@cbdm.com

December 10, 2020

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Screen v. Quality Protection Services, Inc. et al*
                1:20-cv-02506-LGS

Dear Judge Schofield:

      This firm represents the Defendants in the above-referenced action. We write with Plaintiff's consent to clarify whether Plaintiff's deposition shall proceed on December 15 even if the New York City Fire Department ("FDNY") has not yet responded to the Court's So-Ordered subpoena. Given the timing, prior orders, the pending subpoena from this Court, and the crucial information the FDNY may possess concerning this case, the Defendants respectfully request that this Court permit depositions to be rescheduled if the FDNY has not responded by 10:00 a.m. on December 14, 2020.

      On November 17, 2020, this Court ordered that the parties provide "dates certain for depositions of all fact witnesses." *See* ECF Doc. 39. In choosing their dates, the parties also indicated that some paper discovery was outstanding. At Plaintiff's request, the parties agreed, and the Court ordered, that Defendants "produce any documents obtained through the use of… authorizations to Plaintiff, prior to Defendants' deposition of Plaintiff." ECF Doc. 42.

      Defendants served attorney-signed subpoenas, together with Plaintiff's executed authorizations, on the FDNY and the New York State Department of Labor ("NY DOL") as indicated in their December 7 letter. *See* ECF Doc. 43. Because neither agency had responded at the time, the Court issued subpoenas to compel their response by December 14 at 10:00 a.m. *See* ECF Doc. 44. Since that time, the NY DOL provided responsive information, which Defendants produced yesterday evening, on December 9, 2020. But the FDNY has not yet responded.

      The parties expect that the FDNY will produce information about Plaintiff's certifications that is crucial to the case because the Defendants assert that Plaintiff did not maintain the certifications required for her position. For this reason, the Defendants write to clarify whether

**CLIFTON BUDD & DEMARIA, LLP**

Page 2
December 10, 2020

<u>they must proceed with Plaintiff's deposition on December 15 even if the FDNY has not responded to the Court's subpoena by December 14, 2020, at 10:00 a.m. Because fact discovery closes on February 2, 2021, no other scheduled dates will be affected should the Court grant this motion</u>.

       Thank you for Your Honor's time and consideration.

                                        Respectfully submitted,

                                        CLIFTON BUDD & DeMARIA, LLP
                                        *Attorneys for the Defendants*

                                        By:   /s/*Ian-Paul A. Poulos*
                                                Arthur J. Robb
                                                Ian-Paul A. Poulos

CC:    Counsel of Record (via ECF)

The dates of depositions may be changed by written consent of the parties, without application to the Court, provided that all fact discovery is completed by **February 2, 2021**.  The Clerk of Court is respectfully directed to close the motion at Docket No. 45.

**So Ordered.**

Dated: December 11, 2020
       New York, New York

                                              LORNA G. SCHOFIELD
                                            **UNITED STATES DISTRICT JUDGE**